UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:18CV-P18-JHM

LEONEL MARTINEZ                 PLAINTIFF

v.

JUDGE JOE CASTLEN *et al.*             DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Leonel Martinez filed the instant *pro se* action on the Court-approved 42 U.S.C. § 1983 complaint form proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff is a convicted inmate currently housed at the Little Sandy Correctional Complex. As Defendants, Plaintiff names Daviess Circuit Court Judge Joe Castlen; Tim Clothier, an Owensboro Police Department sergeant; and Bruce E. Kuegel and Robert M. Kirtley, each of whom Plaintiff identifies as "Commonwealth Attorney."

Plaintiff maintains that on February 6, 2018, Defendant Castlen "respond to the plaintiff 60,02 motion case no CR-00601 which the plaintiff motion was denied[.]" He states that he has been incarcerated for 12 years because Defendants "clearly violated [Plaintiff's] righ[t]s by using falsified evidence, committed fraud lying to the jury [Plaintiff] was deprived of is due process." Plaintiff maintains that his arrest warrant was "100% based on <u>MPD</u> <u>VIDEO</u>[1] which the commonweath false claim that, MPD video show latino taxi pick up the suspect." (Emphasis by

---

[1] Based on the attachments to the complaint, Plaintiff is referring to video from a surveillance camera captured at a business called MPD.

Plaintiff.) He reports that on June 8, 2016, Owensboro City Attorney Stephen D. Lynn "responded to Attorney General Office 16-ORD-114[.] According with City Attorney the video never EXIST the warrant arrest was 100% based on a statement from [Defendant] Clothier that the MPD tape showed the signs on 03-27 2006 the arrest warrant was issued by [Defendant] Clothier based on MPD video[.]" He maintains that "during the trial [Defendant Clothier] lied to the jury. Clothier told the jury that he did not having any to do with the MPD investigation." He continues, "The trial court refused to produce the MPD video to the defense and to the jury also the trial court refused to showed the arrest warrant to the jury[.]" Plaintiff further asserts the following:

> Mr. Martinez was arrest based on MPD video which showed Latino Taxi picked the men up at MPD which the video never exist, however. The commonwealt emphasized in its closing argument that the crown vic did not have the Latino Signs on it Mr. Martinez picked the men up. Argued that Mr. Martinez removed the signs and shows he was actively engaged in spiriting the men out of Owensboro . . . the trial court lied to arrest Mr. Martinez and lied to put Mr. Martinez in complicity. The exclusion of evidence violates that constitutional right, clearly the trial court committed fraud and misconduct and miscarriage of justice, Mr. Martinez clearly suffered prejudice by the trial court.

Plaintiff also asserts that Defendant Castlen allowed Defendant Clothier to lie to the jury and introduce false evidence "using a video the never exist to arrest Mr. Martinez and then lying to the jury . . . ." He states that Defendant Kuegel "lied for the court who weeks later returning his favor giving Daviess County Attorney job." Plaintiff further asserts that Defendant Kirtley "committed fraud by issued a false warrant of arrest, acting in bad faith."

Plaintiff claims that Defendants violated his rights under the 5th, 6th, and 14th Amendments of the United States Constitution and Sections 2, 7, and 17 of the Kentucky Constitution.

As relief, Plaintiff seeks monetary damages and dismissal of his state criminal case.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

In the instant § 1983 action, Plaintiff asserts that Defendants' actions during his trial violated his rights, and he demands that his state court criminal case be dismissed and that he be awarded damages. According to the attachments to the complaint, Plaintiff was convicted on one count of complicity to murder and two counts of complicity to first degree robbery in Daviess Circuit Court on November 19, 2007, in Case No. 06-CR-00601.

Under *Heck v. Humphrey*, a convicted party may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would

4

necessarily demonstrate the invalidity of confinement or its duration."). In other words, if a ruling on a claim would necessarily render the plaintiff's conviction invalid, the § 1983 claim must be dismissed because it is simply not cognizable until the challenged conviction has been remedied by some other process. *Heck*, 512 U.S. at 487.

The complaint makes it evident that Plaintiff's conviction has not been reversed on direct appeal or otherwise invalidated. Because success in the instant action would necessarily render his conviction and sentence invalid, Plaintiff cannot bring this suit under § 1983. Accordingly, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

For the above reasons, the Court will dismiss the action by separate Order.

Date: July 16, 2018

*[signature: Joseph H. McKinley]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.010